RICKY RAY THOMPSON, A Minor by his Guardian Ad Litem, RUBY THELMA THOMPSON, Plaintiffs v. MARY MOORE HAMRICK, Defendant and Third Party Plaintiff v. ROBERT JUNIOR THOMPSON and BOBBY RAY THOMPSON, Third Party Defendants

No. 7429SC654

(Filed 6 November 1974)

Judgments § 36— parties concluded — res judicata inapplicable

An action by defendant Hamrick against plaintiff's father in which the jury found plaintiff's father negligent in the operation of his vehicle and defendant not contributorily negligent was not *res judicata* to this action by minor plaintiff against defendant Hamrick for damages sustained by plaintiff in the collision between defendant and his father, since plaintiff was neither a party nor one in privity with a party to the earlier action.

APPEAL by plaintiff from *Martin, (Harry C.), Judge,* 22 April 1974 Session of Superior Court held in RUTHERFORD County.

Plaintiff, a minor, instituted this action by his duly appointed guardian ad litem against defendant Hamrick for damages sustained by plaintiff in an automobile accident.

Plaintiff was a passenger in a jeep operated by his father when it collided with a truck operated by defendant Hamrick.

In another action Hamrick had sued plaintiff's father as a result of the same accident. In that action the jury found plaintiff's father negligent and found that Hamrick was not contributorily negligent.

In the present case Hamrick moved for summary judgment against plaintiff on the grounds that the matters in dispute were finally determined by the verdict in the other case.

The judge concluded that there was an identity of parties, issues and subject matter in the two suits, and that "the issues as determined in the other suit constitutes (sic) res judicata to the present action and that the plaintiff is barred from recovery. . . . " Judgment was entered dismissing plaintiff's action.

*Jones and Jones by B. T. Jones for plaintiff appellant.*

*Hamrick & Bowen by James M. Bowen for defendant appellee.*

---

Oil Co. v. Horton

---

VAUGHN, Judge.

Defendant's plea of res judicata in this case should have been sustained only if there was an identity of parties, subject matter and issues with the earlier case. The minor plaintiff in this case was neither a party nor one in privity with a party to the other action and, of course, he had no control over the other lawsuit. That his father was a party in the other action is irrelevant to this minor's right to prosecute his separate cause of action. The judgment from which plaintiff appealed is contrary to law and must be reversed.

Reversed.

Judges CAMPBELL and BRITT concur.