## S93A0622. BAKER v. THE STATE.
(428 SE2d 340)

CARLEY, Justice.

After a jury trial, appellant was found guilty of the malice murder of his wife and sentenced to life. He was also found guilty of and sentenced for possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

1. As to his malice murder conviction, appellant enumerates the general grounds.

The fatal shot was fired during a heated argument between appellant and his wife. According to appellant, his wife had pulled the

---

[1] The crimes occurred on October 3, 1991. Appellant was indicted in the March 1992 Term of the Superior Court of DeKalb County. He was tried April 6-8, 1992. The judgments of conviction and sentences were entered on April 8, 1992. Appellant's motion for new trial was filed on April 29, 1992 and denied on November 20, 1992. His notice of appeal was filed on December 21, 1992. The case was docketed in this court on January 15, 1992 and submitted for decision on February 25, 1992.

gun from her coat pocket and, during a struggle, it had accidentally discharged. However, there was evidence that, shortly before the fatal shot was fired, it was appellant who had possession of the gun. He had fired it wildly several times and was overheard threatening to blow his wife's "brains out." Only minutes after this threat was made, appellant's wife was fatally shot behind her left ear. The shot left a "press contact" wound, indicating that the gun had been touching her skin when it was fired. Immediately after the fatal shot was fired, appellant was seen walking away while pocketing the gun.

The evidence, when construed most favorably for the State, was sufficient to authorize a rational trier of fact to find proof of appellant's guilt of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Nicholson v. State*, 249 Ga. 775, 777 (1) (294 SE2d 485) (1982).

> The question of whether there was a reasonable hypothesis favorable to the accused is a question for the jury. [Cits.] " 'If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]' " [Cits.]

*White v. State*, 253 Ga. 106, 107 (1) (317 SE2d 196) (1984).

2. Appellant urges that, after the jury had returned its verdicts, the trial court violated the mandate of OCGA § 17-8-57 by expressing an opinion as to what had been proven in the case. However, appellant made no objection in the trial court. " 'The question of whether [OCGA § 17-8-57] has been violated is not reached unless an objection or motion for mistrial is made.' Therefore this enumeration of error is without merit." *Driggers v. State*, 244 Ga. 160, 162 (2) (259 SE2d 133) (1979). Compare *McCoy v. State*, 262 Ga. 699 (2) (425 SE2d 646) (1993) (holding that all objections to the *jury charge* need not be made at trial and additional objections may be reserved for a motion for new trial or an appeal).

Moreover, even assuming that an objection had been made, it clearly would be meritless. The trial court made the comment *after* the jury had returned its verdicts. That comment related to the legal effect of what the *jury* had already found to be proven in the case and was not the expression of an opinion as to what the *trial court* thought had been proven. "The reason for [OCGA § 17-8-57] prohibiting the judge from intimating his opinion as to what has been proved is to keep the jury from being influenced. . . ." *Morton v. State*, 132 Ga. App. 329, 330 (1) (208 SE2d 134) (1974). The trial court's comment on the legal effect of the verdicts that had *already*

been returned obviously could have had no inimicable influence on the jury's determination as to appellant's guilt or innocence.

*Judgments affirmed. All the Justices concur. Hunstein, J., disqualified.*

DECIDED APRIL 19, 1993.

*John H. Tarpley*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Staff Attorney*, for appellee.