SHIRLEY CROSS AND CHARLES A. CROSS, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF BARRY ELLIS CROSS AND JANETTE GRIFFIN, PLAINTIFFS V. RESIDENTIAL SUPPORT SERVICES, INC.; ROBERT HAMILTON RHODES, JR.; AND MECKLENBURG COUNTY, DEFENDANTS

No. COA95-705

(Filed 30 April 1998)

**Municipal Corporations § 445 (NCI4th)— governmental immunity—participation in local government risk pool—immunity not waived**

Defendant Mecklenburg County did not waive its governmental immunity by participating in a local government risk pool.

On remand from the Supreme Court in light of its decision in *Lyles v. City of Charlotte*, 344 N.C. 676, 477 S.E.2d 150 (1996).

*Devore & Acton, P.A., by Fred W. DeVore, III, for plaintiffs-appellants.*

*Ruff, Bond, Cobb, Wade & McNair, L.L.P., by James O. Cobb, for defendant-appellee Mecklenburg County.*

LEWIS, Judge.

This case is before us for the second time. In our opinion filed 20 August 1996, we held that defendant Mecklenburg County had waived its governmental immunity by participating in a local government risk

CROSS v. RESIDENTIAL SUPPORT SERVICES

[129 N.C. App. 374 (1998)]

pool. *Cross v. Residential Support Services, Inc.*, 123 N.C. App. 616, 622, 473 S.E.2d 676, 679 (1996) (*Cross I*). We therefore reversed and remanded the trial court's order granting summary judgment for the County on grounds of governmental immunity.

Mecklenburg County filed a petition for discretionary review and, in an order filed 7 February 1997, the North Carolina Supreme Court remanded to this Court for further consideration in light of the case *Lyles v. City of Charlotte*, 344 N.C. 676, 477 S.E.2d 150 (filed 8 November 1996).

In *Lyles*, our Supreme Court held that the "insurance and risk management" agreement between the City of Charlotte, Mecklenburg County, and the Charlotte-Mecklenburg Board of Education was not a local government risk pool. *Id.* at 681, 477 S.E.2d at 153. Therefore, the City of Charlotte had not waived its governmental immunity. *Id.*

Based on the Supreme Court's holding in *Lyles*, our conclusion in *Cross I* that Mecklenburg County waived its governmental immunity by participating in a local government risk pool was erroneous. We now hold that defendant Mecklenburg County has not waived its governmental immunity by participating in a local government risk pool. Our opinion filed 20 August 1996 is hereby vacated to the extent that it conflicts with our holding today.

Plaintiffs' single assignment of error, that the trial court erred in ruling that defendant Mecklenburg County has governmental immunity for claims of $1,000,000 or less, is overruled. The trial court's grant of partial summary judgment for defendant Mecklenburg County on this issue is affirmed, and the case is remanded to Mecklenburg County Superior Court for further proceedings consistent with this opinion.

Affirmed and remanded.

Judges GREENE and SMITH concur.