NATALIE HILL, BY AND THROUGH HER GUARDIANS AD LITEM, HARVEY GENE HILL, JR., AND REGINA HILL, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF NATALIE HILL, A MINOR, PLAINTIFFS-APPELLANTS v. TERESA HENSON WEST, C.F. WEST, INC., CHARLES F. WEST, SR., ANNETTE WEST, AND CHARLES F. WEST, JR., DEFENDANTS-APPELLEES

No. COA07-468

(Filed 4 March 2008)

### 1. Collateral Estoppel and Res Judicata— party or privity— minor plaintiff and parents

Plaintiff's complaint in the present case (arising from an automobile accident) was not barred by res judicata because the minor plaintiff was not a party to the first case nor was she in privity with a party. Although defendants contended the contrary, plaintiff's parents did not represent her legal rights in the first case and she was not in privity with them.

### 2. Motor Vehicles— negligent entrustment—ownership of vehicle

The trial court correctly granted summary judgment for several of the defendants in an action for negligent entrustment of a vehicle where the evidence was that they did not own the vehicle.

### 3. Motor Vehicles— negligent entrustment—consent to drive vehicle

The trial court did not err by granting summary judgment for defendants in an action for negligent entrustment of a vehicle where the evidence showed that defendants did not give the driver consent to drive the vehicle, even if it was foreseeable that she would do so.

Appeal by Plaintiffs from order entered 6 September 2006 by Judge Knox V. Jenkins, Jr. in Superior Court, Johnston County. Heard in the Court of Appeals 1 November 2007.

**HILL v. WEST**

[189 N.C. App. 189 (2008)]

*Lucas, Denning & Ellerbe, P.A., by Sarah Ellerbe, for Plaintiffs-Appellants.*

*Bailey & Dixon, L.L.P., by Kenyann Brown Stanford, for Defendants-Appellees.*

McGEE, Judge.

Plaintiffs appeal from an order granting summary judgment to C.F. West, Inc., Charles F. West, Sr., Annette West, and Charles F. West, Jr. (Defendants) on the grounds of *res judicata* and collateral estoppel. The facts of this case are set forth in detail in a companion case, *Hill v. West,* (No. COA07-467) 189 N.C. App. 194, 657 S.E.2d 694 (filed 4 March 2008). Teresa Henson West is not a party to this appeal. For the reasons set forth below, we affirm the trial court's order.

"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.,* 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). We review the evidence in the light most favorable to the nonmoving party. *Id.* "If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown,* 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989).

[1] "Res judicata precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction." *Moody v. Able Outdoor, Inc.,* 169 N.C. App. 80, 84, 609 S.E.2d 259, 261 (2005).

> In order to successfully assert the doctrine of res judicata, a litigant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits.

*Id.* at 84, 609 S.E.2d at 262. "The doctrine of *res judicata* . . . applies to those 'issues which could have been raised in the prior action but were not. Thus, the doctrine is intended to force parties to join all matters which might or should have been pleaded in one action.' " *Clancy v. Onslow Cty.,* 151 N.C. App. 269, 271-72, 564 S.E.2d 920, 923 (2002) (quoting *Chrisalis Properties, Inc. v. Separate Quarters, Inc.,* 101 N.C. App. 81, 84, 398 S.E.2d 628, 631 (1990) (citations omitted), *disc. review denied,* 328 N.C. 570, 403 S.E.2d 509 (1991)).

We hold that Plaintiffs' complaint in the present case was not barred by *res judicata*. Although there had been a final judgment in the first case as to each of the defendants except Teresa Henson West, and there was an identity of causes of action between the first case and the present case, the minor Plaintiff Natalie Hill (Natalie Hill) was not a party to the first case, nor was she in privity with a party to the first case. However, Defendants argue the following:

> The minor Plaintiff Natalie Hill is represented in the New Action *solely* by her parents Harvey Gene Hill, Jr., and Regina Hill, both of whom were parties to the First Action, satisfying the privity requirement for application of *res judicata* to her claim. Additionally, because of the presence of her parents and representatives in the First Action, the claims of Natalie Hill clearly *could have*—and arguably *should have*—been brought in the First Action. As stated above, *res judicata* encompasses not only claims *actually* asserted, but claims which *could have been* asserted.

Although the meaning of the term " 'privity' for purposes of *res judicata* and collateral estoppel is somewhat elusive[,] . . . [t]he prevailing definition that has emerged from our cases is that 'privity' . . . 'denotes a mutual or successive relationship to the same rights of property.' " *Hales v. N.C. Insurance Guaranty Assn.*, 337 N.C. 329, 333-34, 445 S.E.2d 590, 594 (1994) (quoting *Settle v. Beasley*, 309 N.C. 616, 620, 308 S.E.2d 288, 290 (1983)). "In general, 'privity involves a person so identified in interest with another that he represents the same legal right.' " *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 417, 474 S.E.2d 127, 130 (1996) (quoting 47 Am. Jur. 2d *Judgments* § 663 (1995)). Where a party "had no control over the previous litigation and nothing in the record indicates that [the party's] interests were legally represented in the previous trial, there can be no privity." *Kaminsky v. Sebile*, 140 N.C. App. 71, 81, 535 S.E.2d 109, 116 (2000) (citing *County of Rutherford ex rel. Hedrick v. Whitener*, 100 N.C. App. 70, 76, 394 S.E.2d 263, 266 (1990)).

> An accident may cause damage or injury to more than one person. Since each of such persons is entitled to his cause of action against the wrongdoer, it seems to follow that each is entitled to litigate the issues of negligence or contributory negligence without regard to prior litigation of such issues by the other person or persons injured in the same accident. As will be noted in the two sections which immediately follow, the above proposition pre-

vails regardless of whether the verdict in the prior suit was for or against the plaintiff therein.

C. S. Patrinelis, Annotation, *Judgment in action growing out of accident as res judicata, as to negligence or contributory negligence, in later action growing out of same accident by or against one not a party to earlier action,* 23 A.L.R.2d 710, § 3 at 714 (1952).

In *Thompson v. Hamrick,* 23 N.C. App. 550, 209 S.E.2d 305 (1974), the minor plaintiff was a passenger in a vehicle operated by his father when it collided with a vehicle operated by the defendant. *Id.* at 550, 209 S.E.2d at 305. The minor plaintiff filed an action through his guardian ad litem against the defendant to recover for injuries the minor plaintiff sustained in the accident. *Id.* However, in a previous action, the defendant had sued the minor plaintiff's father and "the jury found [the minor] plaintiff's father negligent and found that [the defendant] was not contributorily negligent." *Id.* In *Thompson,* the defendant filed a motion for summary judgment against the minor plaintiff on the ground of *res judicata,* and the trial court granted summary judgment to the defendant on that ground. *Id.* at 550, 209 S.E.2d at 305-06. However, our Court held:

> The minor plaintiff in this case was neither a party nor one in privity with a party to the other action and, of course, he had no control over the other lawsuit. That his father was a party in the other action is irrelevant to this minor's right to prosecute his separate cause of action. The judgment from which [the minor] plaintiff appealed is contrary to law and must be reversed.

*Id.* at 551, 209 S.E.2d at 306.

Natalie Hill was not a party in the first case. Moreover, she was not in privity with her parents, who were parties to the first action, because her parents did not represent her legal rights in the first case. *See Frinzi,* 344 N.C. at 417, 474 S.E.2d at 130. Natalie Hill "had no control over the previous litigation and nothing in the record indicates that [her] interests were legally represented in the previous trial[.]" *Kaminsky,* 140 N.C. App. at 81, 535 S.E.2d at 116. As a separate plaintiff injured in the accident, Natalie Hill was entitled to "litigate the issue[] of negligence . . . without regard to prior litigation of such issue[] by the other person or persons injured in the same accident." 23 A.L.R.2d 710, § 3 at 714. Furthermore, similar to *Thompson,* the fact that Natalie Hill's parents were parties to the first case "is irrelevant to [her] right to prosecute [her] separate cause of action." *Thompson,* 23 N.C. App. at 551, 209 S.E.2d at 306.

[2] Nevertheless, we must affirm the trial court's order of summary judgment in favor of Defendants. "When a plaintiff fails to produce any evidence of an essential element of her claim, the trial court's grant of summary judgment is proper." *Pacheco v. Rogers & Breece, Inc.*, 157 N.C. App. 445, 452, 579 S.E.2d 505, 509 (2003). "[T]he theory of negligent entrustment requires proof of ownership in order to impose liability[.]" *Coble v. Knight*, 130 N.C. App. 652, 654, 503 S.E.2d 703, 705 (1998). In the present case, Plaintiffs alleged that the vehicle operated by Teresa Henson West at the time of the accident "was owned by . . . [D]efendant, C.F. West, Inc." Moreover, Charles F. West, Sr. testified at his deposition that C.F. West Inc. owned the vehicle involved in the accident. Accordingly, because Defendants Charles F. West, Sr., Annette West, and Charles F. West, Jr. did not own the vehicle alleged to have been entrusted to Teresa Henson West, summary judgment as to them was properly granted.

[3] We also hold that the trial court did not err in granting summary judgment because the evidence showed that Defendants did not give Teresa Henson West consent, express or implied, to drive the vehicle involved in the accident. "Among the necessary elements of a cause of action for negligent entrustment of a motor vehicle to an unlicensed operator is that the motor vehicle be operated with the consent or authorization of the entrustor[.]" Karen L. Ellmore, J.D., Annotation, *Negligent Entrustment of Motor Vehicle to Unlicensed Driver*, 55 A.L.R.4th 1100, § 9 at 1119 (1987). Although our Courts have not had occasion to analyze the term "entrustment" under these circumstances, where a party did not give another permission to use the vehicle involved in the accident, our Courts do not appear to have applied the doctrine of negligent entrustment in a situation where the vehicle was operated without the owner's knowledge or consent. *See, e.g., Swicegood v. Cooper*, 341 N.C. 178, 179-81, 459 S.E.2d 206, 206-08 (1995) (where the Supreme Court, in analyzing whether the plaintiff was contributorily negligent by entrusting his vehicle to his son, recognized that "[t]he plaintiff had given his son permission to drive the automobile on this occasion.").

In the present case, there was no evidence that Defendant C.F. West, Inc., any of its agents, or any other Defendants gave Teresa Henson West permission to drive the vehicle and, therefore, summary judgment was properly entered in favor of Defendants. Teresa Henson West testified at her deposition that other than on 21 January 2001, she had never driven a vehicle owned by C.F. West, Inc. She also testified that she had never been authorized to drive a vehicle for C.F.

**HILL v. WEST**

[189 N.C. App. 194 (2008)]

West, Inc. Specifically, she testified that she did not have any reason to believe that she was authorized to drive the C.F. West, Inc. vehicle on 21 January 2001, nor did she have any reason to believe that the keys to the vehicle had been given to her. Teresa Henson West also testified that as a result of her driving the vehicle on 21 January 2001, she pleaded guilty to the charge of unauthorized use of a motor vehicle because she was guilty of that offense. Charles F. West, Sr. testified that when, prior to the accident, he learned that a C.F. West, Inc. vehicle would be parked at the home of Charles F. West, Jr. and Teresa Henson West, who were married, he told Teresa Henson West that she did not have permission to drive the vehicle. Charles F. West, Jr. also testified that he had spoken to Teresa Henson West prior to the accident and had told her that she was not authorized to drive any vehicles owned by C.F. West, Inc.

Plaintiffs counter that given all of the facts and circumstances, it was foreseeable that Teresa Henson West would drive a vehicle owned by C.F. West, Inc. on 21 January 2001. However, even if foreseeable, Teresa Henson West did not have consent, either express or implied, to drive the vehicle. Therefore, Plaintiffs cannot show that Defendants entrusted the vehicle to Teresa Henson West, and we must affirm the order of summary judgment entered in favor of Defendants.

Affirmed.

Judges HUNTER and BRYANT concur.