IN THE MATTER OF: C.N.R., Minor Child.
No. COA05-1159
North Carolina Court of Appeals
Filed June 6, 2006
This case not for publication
Johnston County No. 02 J 89.
Terry F. Rose, for petitioners-appellees.
Peter Wood, for respondent mother-appellant.
Susan J. Hall, for respondent father-appellant.
Andy Holland, for Johnston County Department of Social Services.
James Johnson, for Guardian ad Litem.
LEVINSON, Judge.
Respondents appeal from a district court order terminating their parental rights to C.N.R. Pursuant to the reasoning set forth in In re L.E.B., K.T.B., 169 N.C. App. 375, 379-80, 610 S.E.2d 424, 426-27 (2005), and similar cases, we conclude the trial court committed prejudicial error by failing to enter its order within the time periods required by N.C. Gen. Stat. §§ 7B-1109 and 7B-1110, and therefore reverse.
N.C. Gen. Stat. § 7B-1109(e) (2003) provides, in pertinent part, that, "[t]he adjudicatory order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing." In addition, N. C. Gen. Stat. § 7B-1110(a) (2003) provides that:
Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent. . . . Any order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.
Although it is error for a trial court not to enter a termination of parental rights order within thirty days after the hearing, In re A.D.L., J.S.L., C.L.L., 169 N.C. App. 701, 705, 612 S.E.2d 639, 642, disc. review denied, 359 N.C. 852, 619 S.E.2d 402 (2005), in order to vacate an order terminating parental rights, a parent must show prejudice by the late filing of the order. Id. at 705-06, 612 S.E.2d at 642. Consequently, while "[t]he need to show prejudice in order to warrant reversal is highest the fewer number of days the delay exists . . . the longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent." In re C.J.B. & M.G.B., 171 N.C. App. 132, 135, 614 S.E.2d 368, 370 (2005). This Court recently noted in In re C.J.B. & M.G.B. that our "more recent decisions have been apt to find prejudice in delays of six months or more." Id. at 134, 614 S.E.2d at 369.
In L.E.B., this Court held that the trial court's failure to enter the order terminating respondent-mother's parental rights over six months after the statutorily prescribed period was prejudicial error. L.E.B., 169 N.C. App. at 379-80, 610 S.E.2d at 426-427; see also In re C.J.B., 171 N.C. App. at 134-35, 614 S.E.2d at 370 (five month delay in entry of order terminating parental rights held prejudicial); In re T.L.T., 170 N.C. App. 430, 432, 612 S.E.2d 436, 438 (2005) (seven month delay in entry of order terminating parental rights held prejudicial); but see In re J.B., ___ N.C. App. ___, 616 S.E.2d 264, 279-80 (2005) (no prejudice demonstrated where order terminating parental rights entered just under three months after termination hearing completed). The L.E.B. Court reasoned that a delay in excess of six months is highly prejudicial because the parties involved were unable to "receive an immediate, final decision in a life altering situation[.]" L.E.B., 169 N.C. App. at 379, 610 S.E.2d at 426. The delay in L.E.B. prevented the minors "from settling into a permanent family environment until the order is entered and the time for any appeals has expired." Id.
In the instant case, the trial court concluded the hearing on the petition to terminate parental rights on 28 April 2004, but did not reduce the order to writing and enter the same until 19 January 2005  eight and one-half months later. Like our earlier opinions finding prejudice under similar circumstances, we conclude this delay constitutes reversible error. See In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court"). We are unpersuaded by petitioner's contention that, because the subject order was entered during a time when the late entry of orders was commonplace  and before this Court began reversing for this reason  the order should not be reversed.
Reversed and remanded.
Judges WYNN and ELMORE concur.
Report per rule 30(e).