HARVEY GENE HILL, JR., PLAINTIFF-APPELLANT v. TERESA HENSON WEST, C.F. WEST, INC., CHARLES F. WEST, SR., ANNETTE WEST, AND CHARLES F. WEST, JR., DEFENDANTS-APPELLEES

No. COA07-467

(Filed 4 March 2008)

**Collateral Estoppel and Res Judicata— multiple parties— prior final judgment as to some**

　　Summary judgment on res judicata for all of the defendants except Teresa West (who was not a party to this appeal) was proper. Although there were multiple orders, interlocutory

appeals, and decisions, there were final judgments on the merits as to these defendants, and it is clear that the present action involves the same plaintiffs, the same claims, and the same defendants as the first case.

Appeal by Plaintiff from order entered 6 September 2006 by Judge Knox V. Jenkins, Jr. in Superior Court, Johnston County. Heard in the Court of Appeals 1 November 2007.

*Lucas, Denning & Ellerbe, P.A., by Sarah Ellerbe, for Plaintiff-Appellant.*

*Bailey & Dixon, L.L.P., by Kenyann Brown Stanford, for Defendants-Appellees.*

McGEE, Judge.

Harvey Gene Hill, Jr. appeals from an order granting summary judgment to C.F. West, Inc., Charles F. West, Sr., Annette West, and Charles F. West, Jr. on the grounds of *res judicata* and collateral estoppel. For the reasons set forth below, we affirm the trial court's order.

In an earlier action (the first case), the following plaintiffs filed a complaint on 16 October 2002 and an amended complaint on 18 December 2002: Hayden Hill, a minor, by and through his guardian ad litem; Harvey Gene Hill, Jr., individually and as parent and natural guardian of the minor, Hayden Hill; and Regina Hill, individually and as parent and natural guardian of the minor, Hayden Hill. The plaintiffs named the following as defendants: Teresa Henson West; C.F. West, Inc.; Charles West, Sr.; Annette West; Charles West, Jr.; and Richard Lester.

In the first case, the plaintiffs alleged that on 21 January 2001, Teresa Henson West was operating a vehicle owned by C.F. West, Inc. with the "expressed and/or implied owner's permission[.]" The plaintiffs further alleged that Teresa Henson West "negligently operated said vehicle [on US Highway 70] by crossing the grass median and going into the west bound lane, striking the plaintiffs' vehicle head on." The plaintiffs alleged that they suffered injuries as a result of the crash. The plaintiffs alleged a negligence claim against Teresa Henson West for the negligent operation of the vehicle, and alleged claims against the remaining defendants for negligent entrustment of the vehicle to Teresa Henson West.

In the first case, the defendants filed a motion to dismiss on 19 December 2002, and the trial court granted the motion on 17 February 2003 as to Charles F. West, Jr. and Richard Lester. C.F. West, Inc., Charles F. West, Sr., and Annette West filed a motion for summary judgment, which the trial court allowed on 28 October 2003. The plaintiffs appealed.

In the present case, Harvey Gene Hill, Jr. (Plaintiff) filed a complaint on 8 January 2004 and an amended complaint on 20 January 2004 against C.F. West, Inc., Charles F. West, Sr., Annette West, and Charles F. West, Jr. (Defendants), and Teresa Henson West. Teresa Henson West is not a party to this appeal.

Plaintiff again alleged that on 21 January 2001, Teresa Henson West was operating a vehicle owned by C.F. West, Inc. with the "expressed and/or implied owner's permission[.]" Plaintiff further alleged that Teresa Henson West "negligently operated said vehicle [on US Highway 70] by crossing the grass median and going into the west bound lane, striking . . . [Plaintiff's] vehicle head on." Plaintiff alleged injuries as a result of the crash. Plaintiff again alleged a negligence claim against Teresa Henson West for the negligent operation of the vehicle, and alleged claims against the remaining Defendants for negligent entrustment of the vehicle to Teresa Henson West.

Defendants filed a motion to dismiss the complaint on the grounds of *res judicata* and collateral estoppel on 27 January 2004. Defendants further alleged that because the first case was still pending, the present action was abated. The trial court entered an order dated 10 February 2004, staying the present case pending the outcome of the appeal of the first case.

With regard to the first case, our Court filed an opinion on 15 February 2005, *Hill v. West*, 168 N.C. App. 595, 608 S.E.2d 416 (2005) (unpublished). Our Court dismissed the appeal in the first case as interlocutory and as not affecting a substantial right because the plaintiffs still had claims pending against Teresa Henson West.

The trial court entered a consent order in the first case on 19 April 2005, dismissing without prejudice the plaintiffs' claims against Teresa Henson West. The plaintiffs again appealed from the 28 October 2003 summary judgment order and from the 19 April 2005 consent order. Our Court filed an opinion on 4 April 2006, *Hill v. West*, 177 N.C. App. 132, 627 S.E.2d 662 (2006), dismissing the plaintiffs' appeal for an appellate rules violation and because "no *final*

determination of the plaintiffs' rights as to Teresa Henson West [had] been made in the trial court pursuant to N.C. Gen. Stat. § 1A-1, Rule 54." *Id.* at 136, 627 S.E.2d at 664.

In the present case, Plaintiff filed a motion on 25 July 2006 to lift the stay entered 10 February 2004. Defendants renewed their motion to dismiss on 1 August 2006. The trial court granted Plaintiff's motion to lift the stay on 28 August 2006. The trial court converted Defendants' motion to dismiss into a motion for summary judgment and granted summary judgment on 6 September 2006 for all Defendants, except Teresa Henson West.

The trial court entered an order for entry of default against Teresa Henson West on 3 November 2006, and entered judgment by default against Teresa Henson West on 6 February 2007. Plaintiff filed his notice of appeal in the present case on 21 February 2007. In an order entered 23 May 2007, our Court consolidated the present case for hearing with two other related cases, *Hill v. West*, (No. COA07-468) 189 N.C. App. 189, 657 S.E.2d 698 (2008), and *Hill v. West*, (No. COA07-469) 189 N.C. App. 209, 657 S.E.2d 446 (unpublished) (2008). For clarity, we issue three separate opinions.

———————————

In the present case, Plaintiff argues the trial court erred by granting summary judgment for Defendants. Specifically, Plaintiff argues there was a genuine issue of material fact as to "whether . . . Defendants should have forseen the danger of Teresa Henson West driving a C.F. West Inc. vehicle." Although Plaintiff does not argue that the trial court erred by granting summary judgment for Defendants on the ground of *res judicata*, we find that issue dispositive.

"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). We review the evidence in the light most favorable to the nonmoving party. *Id.*

"Res judicata precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction." *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 84, 609 S.E.2d 259, 261 (2005).

In order to successfully assert the doctrine of res judicata, a litigant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits.

*Id.* at 84, 609 S.E.2d at 262.

"[I]t is well settled in this State that '[a] dismissal under Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice.' " *Clancy v. Onslow Cty.*, 151 N.C. App. 269, 272, 564 S.E.2d 920, 923 (2002) (quoting *Hoots v. Pryor*, 106 N.C. App. 397, 404, 417 S.E.2d 269, 274, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 148 (1992)). Moreover, "[i]n general, a cause of action determined by an order for summary judgment is a final judgment on the merits." *Green v. Dixon*, 137 N.C. App. 305, 310, 528 S.E.2d 51, 55, *aff'd per curiam*, 352 N.C. 666, 535 S.E.2d 356 (2000).

In the first case, the trial court granted the defendants' motion to dismiss on 17 February 2003 as to Charles F. West, Jr. and Richard Lester. The trial court did not specify that the dismissal was without prejudice. The trial court also entered summary judgment on 28 October 2003 for all of the remaining defendants except Teresa Henson West, and dismissed the plaintiffs' claims with prejudice. Our Court dismissed the defendants' appeal from this summary judgment order, and the order was thus final. *See Hill v. West*, 177 N.C. App. 132, 627 S.E.2d 662 (2006). We hold these orders were final judgments on the merits that precluded "a second suit involving the same claim between the same parties or those in privity with them[.]" *Moody*, 169 N.C. App. at 84, 609 S.E.2d at 261.

As to the second and third elements of *res judicata*, Plaintiff states in his brief that in his complaint in the present case, he alleged "the same causes of action for negligence against the same Defendants previously sued." Accordingly, it is clear that the present action involves one of the same plaintiffs and the same defendants as the first case. Therefore, the trial court did not err by granting summary judgment to Defendants in the present case on the ground of *res judicata*. We overrule Plaintiff's assignment of error.

Plaintiff has failed to set forth argument pertaining to his remaining assignment of error, and we deem that assignment abandoned pursuant to N.C.R. App. P. 28(b)(6).

**IN RE B.L.H. & Z.L.H.**

[189 N.C. App. 199 (2008)]

Affirmed.

Judges HUNTER and BRYANT concur.