THE COUNTY OF DURHAM, AND THE CITY OF DURHAM, PLAINTIFFS v. EDGAR R. DAYE AND WIFE ELLA M. DAYE (NOW BOTH DECEASED), OWNERS; ALL ASSIGNEES, HEIRS AT LAW AND DEVISEES of EDGAR R. DAYE AND OR ELLA M. DAYE TOGETHER WITH ALL CREDITORS AND LIENHOLDERS REGARDLESS OF HOW OR THROUGH WHOM THEY CLAIM, AND ANY AND ALL PERSONS CLAIMING ANY INTEREST IN THE ESTATES OF EDGAR R. DAYE AND/OR ELLA M. DAYE, DEFENDANTS

No. COA07-1532

(Filed 3 March 2009)

**1. Jurisdiction— dismissal of issue by prior judge—new evidence and new issues**

Where a prior judge had granted a Rule 12(b)(6) dismissal of the damages issue, the trial court lacked jurisdiction to enter an order requiring a county to pay damages to defendants in an action arising from a judgment for nonpayment of property taxes. Although defendants argued that there was new evidence and new legal issues, defendants could not pursue their claim without taking steps to have the damages claim brought back into the action.

**2. Appeal and Error— interlocutory appeals—jurisdiction continuing in trial court**

The trial court retained jurisdiction to enter a final order even though the City had appealed the denial of its motions to dismiss and for summary judgment because those were improper interlocutory appeals.

**3. Civil Procedure— Rule 60—damages awarded**

The trial court did not have authority to award defendants damages or fees on a Rule 60 motion to set aside a default judgment in a tax foreclosure action. Rule 60 does not provide damages as a possible form of relief; once the foreclosure sale was set aside, defendant could have filed an independent action seeking damages.

Appeal by plaintiff City of Durham from orders entered 19 August 2004 and 14 December 2004 by Judge Wade Barber, orders entered 1 August 2006, 2 February 2007, 14 May 2007, and 1 August 2007 by Judge Orlando F. Hudson, Jr., and judgment entered 1 June 2007 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Appeal by plaintiff County of Durham from order entered 1 August 2007 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 21 August 2008.

COUNTY OF DURHAM v. DAYE

[195 N.C. App. 527 (2009)]

*Durham County Attorney, S.C. Kitchen, for plaintiff-appellant County of Durham.*

*The Banks Law Firm, P.A., by Sherrod Banks; The Roseboro Law Firm, PLLC, by John Roseboro, for plaintiff-appellant City of Durham.*

*No brief filed on behalf of plaintiff-appellee Chidinma Nweke.*

*Michaux & Michaux, P.A., by Eric C. Michaux, for defendants-appellees.*

GEER, Judge.

Plaintiffs, the City of Durham and the County of Durham, appeal from the trial court's final order requiring the City and County to pay damages and attorneys' fees to the heirs and devisees of Edgar R. Daye and Ella M. Daye, the defendants in this case. Defendants had filed a motion pursuant to Rule 60 of the Rules of Civil Procedure, seeking relief from a judgment by default entered for non-payment of city and county taxes. In that motion, defendants also sought monetary relief for violation of their constitutional rights. With respect to the County, since a superior court judge had already granted the County's motion to dismiss defendants' claim for damages against the County, a second superior court judge could not then enter an order requiring the County to pay damages. The order must also be reversed as to the City because the trial court, in granting a Rule 60 motion, had authority only to grant relief from the default judgment, and, in any event, counterclaims—the essence of defendants' claim for damages—cannot be asserted in tax foreclosure actions. Accordingly, we reverse the trial court's order.

## Facts

Edgar and Ella Daye owned property located at 3603 Dearborn Avenue in Durham as tenants by the entirety. Mrs. Daye died in 1997, and Mr. Daye died in 1999, leaving no lineal descendants. W.E. Daye, Mr. Daye's brother, subsequently took possession of the property and rented it to a tenant. On 27 January 2003, the City and County initiated a tax foreclosure action in Durham County District Court to recover unpaid taxes on the property for tax years 1995-1998 and 2000-2002. The defendants were identified as the Dayes (whom the complaint acknowledged were deceased) and all assignees, heirs, devisees, creditors, lienholders, and other persons claiming any interest in the estates of the Dayes. The City and County

first attempted to serve the deceased Dayes by certified mail addressed to the Dayes at the Dearborn address. When the certified mail was returned unclaimed, the City and County proceeded to serve defendants by publication.

No response to the complaint was ever filed, and, on 7 April 2003, the Clerk of Durham County Superior Court entered default and a default judgment against defendants. The property was then sold to Chidinma Nweke for $17,261.00 on 20 June 2003. The Commissioners' Deed was delivered on 4 July 2003 with the sale being confirmed on 10 July 2003.

In August 2003, W.E. Daye was notified by his tenant that the property had been sold and the tenant evicted. On 22 April 2004, defendants filed a motion in the cause pursuant to Rule 60, seeking to have the entry of default, default judgment, and confirmation of sale set aside on the ground of inadequate notice. In their Rule 60 motion, defendants also sought (1) a declaration that the heirs of Edgar R. and Ella M. Daye were the owners of the property, (2) lost rents from the property, and (3) costs and attorneys' fees. On 28 July 2004, defendants filed a supplement to their motion adding an allegation that "[u]pon information and belief the County and City of Durham have waived their sovereign immunity through the purchase of liability insurance."

The superior court entered an order removing the case to superior court. The trial court entered a separate order concluding that Chidinma Nweke, the Estate of Edgar R. Daye, and W.E. Daye (as administrator of the Estates of Edgar R. Daye and Ella M. Daye) were all necessary parties and directing that they be joined as parties. Ms. Nweke was joined as a plaintiff; while W.E. Daye and the Estate of Edgar R. Daye were joined as defendants. On 5 August 2004, the County filed a motion to dismiss defendants' claim for damages pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6) of the Rules of Civil Procedure.

Judge Wade Barber heard defendants' Rule 60 motion on 4 September 2004 and, on 14 December 2004, entered an order setting aside the foreclosure sale based on his finding that defendants did not "receive any notice of the delinquent taxes, the Summons or Complaint, read or hear[] about the publication in the local newspaper, or receive[] any other notice of this lawsuit or the sale of the property." Judge Barber then concluded: "The City and the County of Durham, having failed to apprise the Defendants of the pending fore-

closure action, as they were required to do by the statutes of this state, the Constitution of North Carolina and the Constitution of the United States, all orders effecting the sale of the Defendants' property are *void ab initio*." Judge Barber also concluded that at the time of the order of sale and the sale of the property, the court did not have jurisdiction over the owners of the property and, for that reason as well, "the orders [e]ffecting the sale [were] *void ab initio*."

In an order entered 18 March 2005, Judge John W. Smith addressed the County's motion to dismiss. Judge Smith determined that defendants' claim against the County for damages and costs was barred by sovereign immunity. Judge Smith also concluded that defendants had failed to state a claim for relief because the County was not responsible for any error of the tax collector. Judge Smith ruled, however, that "[t]he other grounds argued by Plaintiff Durham County in its motions to dismiss are denied." Defendants appealed Judge Smith's decision to this Court, but that appeal was dismissed as interlocutory. *See County of Durham v. Daye*, 177 N.C. App. 810, 630 S.E.2d 256, 2006 N.C. App. LEXIS 1246, 2006 WL 1529021 (June 6, 2006) (unpublished).

On 23 February 2006, defendants filed a motion seeking an order awarding them ownership and possession of the property or, in the alternative, permission to enter and lease the premises if the trial court did not grant them ownership and possession. On 1 August 2006, Judge Orlando F. Hudson, Jr. entered a supplemental order awarding the property to the heirs of Edgar R. Daye.

On 7 February 2007, the City filed a motion to dismiss defendants' claim for damages and attorneys' fees on the grounds that: (1) the City could not be liable for constitutional claims on the basis of *respondeat superior*; (2) damages are prohibited in tax foreclosure actions; (3) counterclaims are prohibited in tax foreclosure actions; (4) the Estates had no standing since the Dayes died intestate; (5) the City could not be held liable for errors made by the tax collector; and (6) "[a]ssuming that Defendants' Motion in the Cause pleads tort claims, the claims are barred by all applicable immunities, including, but not limited to, sovereign immunity." On 2 April 2007, the City also filed a motion for summary judgment seeking dismissal of the claim for damages and attorneys' fees on the same grounds as the motion to dismiss.

On 14 May 2007, Judge Hudson denied the City's motions to dismiss and for summary judgment. The City filed a notice of appeal

from this order on 12 June 2007. This Court dismissed that appeal as interlocutory. *See County of Durham v. Daye*, 191 N.C. App. 610, 664 S.E.2d 78 (2008) (unpublished).

On 4 May 2007, defendants filed a "Petition for Fees and Expenses." In that petition, defendants "request[ed] reimbursement from the City of Durham for attorney fees, loss of income and attorney fees that they have incurred as a result of the action taken against them by the County and the City of Durham."

Meanwhile, on 23 May 2006, Ms. Nweke filed a petition, seeking compensation for the cost of the permanent improvements she had made to the Dayes' property at 3603 Dearborn Avenue. Judge Hudson entered judgment on 1 June 2007 ordering that the heirs at law of Edgar R. Daye pay Ms. Nweke $58,332.29 as compensation for "betterments" she made to the property. The court also imposed a judgment lien for that amount on the property.

In a final order entered 1 August 2007, Judge Hudson addressed "the motion of the Defendants for fees and expenses." Judge Hudson found that "[p]laintiffs['] action[s] have violated the civil rights of the Defendants in violation of the Constitution of the United States and the Constitution of North Carolina." Judge Hudson further found that defendants had suffered a loss of rents in the amount of $9,500.00 and, as a result of the lien on the property from the betterments judgment, defendants had been damaged in the amount of $58,332.29. Finally, Judge Hudson determined that defendants' law firm was entitled to an award of $55,532.69 in attorneys' fees. Based on these findings, Judge Hudson concluded that defendants were entitled to the damages they sought in their petition, together with interest, based on the violation of their constitutional rights. Judge Hudson then decreed "[t]hat the Defendants are awarded a judgment against the Plaintiffs and that they recover from the Plaintiffs" (1) $9,500.00 plus interest for lost rent; (2) $58,332.29 to remove Ms. Nweke's judgment lien; and (3) $55,532.69 in attorneys' fees.

On 8 August 2007, the City and County jointly filed a motion pursuant to Rule 60(a) and (b)(4), arguing that Judge Hudson had mistakenly ordered them to pay defendants' fees and expenses. Also on 8 August 2007, the City moved to vacate the order, for reconsideration, or to supplement the record on the ground that Judge Hudson did not have the City's proposed order to consider prior to entering the final order. On 14 August 2007, the trial court continued the hear-

COUNTY OF DURHAM v. DAYE

[195 N.C. App. 527 (2009)]

ing on these motions from the original hearing date of 16 August 2007 to an unspecified date in the future. The County then filed a notice of appeal on 16 August 2007, appealing from the 1 August 2007 final order. The City filed a notice of appeal on 30 August 2007, appealing from (1) the 19 August 2004 order joining necessary parties; (2) the 14 December 2004 order setting aside the foreclosure judgment; (3) the 1 August 2006 supplemental order awarding the property to defendants; (4) the 2 February 2007 order releasing funds to Ms. Nweke; (5) the 1 June 2007 judgment on betterments; (6) the 14 May 2007 order denying the City's motion to dismiss and motion for summary judgment; and (7) the 1 August 2007 final order. In its brief on appeal, however, the City has limited its arguments to the 1 August 2007 final order and the 19 August 2004 order joining necessary parties.

### County's Appeal

[1] The County first argues on appeal that because Judge Smith had previously dismissed defendants' claim for damages against the County, Judge Hudson necessarily lacked jurisdiction to enter an order requiring the County to pay damages to defendants. In his final order, Judge Hudson acknowledged Judge Smith's order, finding that "[o]n the 18th day of March 2005, a hearing was had before the Honorable Judge John Smith who issued an order dismissing the issue of damages against the County of Durham." The final order further found that "[t]his matter comes before this Court for an order dismissing the issue of damages against the Co-Plaintiff, the City of Durham." Nevertheless, the final order ultimately directed "[t]hat the Defendants are awarded a judgment against the *Plaintiffs* and that they recover from the *Plaintiffs* the following . . . ." (Emphasis added.) Whether or not Judge Hudson intended to enter an award of damages against the County, that is the effect of the final order.

When, as Judge Smith did in this case, a trial court dismisses a claim under Rule 12(b)(6) for failure to state a claim for relief, that dismissal " 'operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice.' " *Hill v. West*, 189 N.C. App. 194, 198, 657 S.E.2d 698, 700 (2008) (quoting *Clancy v. Onslow County*, 151 N.C. App. 269, 272, 564 S.E.2d 920, 923 (2002)). The Rule 12(b)(6) dismissal in this case did not specify that it was without prejudice and, therefore, operated as an adjudication on the merits as to the claim for damages against the County. *See id.* at 197, 657 S.E.2d at 701 (holding that dismissal under Rule 12(b)(6) constitutes a "final judgment[] on the merits that preclude[s] 'a second suit

involving the same claim between the same parties or those in privity with them' " (quoting *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 84, 609 S.E.2d 259, 261 (2005))). As a basic legal tenet, the trial court could not hold the County liable on a claim for damages that was no longer pending against the County.

Defendants argue that the trial court could properly award damages against the County because "both new evidence *and* new legal issues were before Judge Hudson; the evidence and legal issues were not ones considered by Judge Smith." This contention overlooks the fact that the claim against the County had been dismissed, it was no longer part of the action before the trial court, and defendants could not continue to pursue their claim without taking action to have the damages claim against the County brought back into the action. Indeed, as the language used in their petition for fees and expenses shows, defendants recognized that there was no longer a claim pending against the County at the time they filed the petition: "NOW COME THE DEFENDANTS in the above styled action and hereby request reimbursement from the *City of Durham* for attorney fees, loss of income and attorney fees that they have incurred as a result of the action taken against them by the County and the City of Durham." (Emphasis added.) Thus, with no damages claim pending against the County at the time the trial court entered its final order on 1 August 2007, the trial court erred in ordering the County to pay defendants' damages.

## City's Appeal

[2] The City contends first that the trial court lacked jurisdiction to enter a final order while the City's appeal from the denial of its motions to dismiss and for summary judgment was pending before this Court. N.C. Gen. Stat. § 1-294 (2007) provides in pertinent part: "When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from."

Under this statute, " '[t]he general rule [is] that a timely notice of appeal removes jurisdiction from the trial court and places it in the appellate court.' " *McClure v. County of Jackson*, 185 N.C. App. 462, 469, 648 S.E.2d 546, 550 (2007) (quoting *Parrish v. Cole*, 38 N.C. App. 691, 693, 248 S.E.2d 878, 879 (1978)). As pointed out by defendants, an exception to the general rule exists "[w]here a party appeals from

a *non*appealable interlocutory order." *RPR & Assocs. v. Univ. of N.C.-Chapel Hill,* 153 N.C. App. 342, 347, 570 S.E.2d 510, 514 (2002), *disc. review denied and cert. dismissed,* 357 N.C. 166, 579 S.E.2d 882 (2003). An improper interlocutory appeal "does not deprive the trial court of jurisdiction, and thus the court may properly proceed with the case." *Id. See Veazey v. City of Durham,* 231 N.C. 357, 364, 57 S.E.2d 377, 382-83 (1950) (holding that improper interlocutory appeal does not deprive trial court of jurisdiction over case). In other words, "a litigant cannot deprive the trial court of jurisdiction to determine a case on its merits by appealing from a nonappealable interlocutory order of the trial court." *Velez v. Dick Keffer Pontiac-GMC Truck, Inc.,* 144 N.C. App. 589, 591, 551 S.E.2d 873, 875 (2001). In this case, since, as this Court previously concluded, the City's appeal was an improper interlocutory appeal, the trial court retained jurisdiction to enter its final order during the pendency of the City's prior appeal.

**[3]** The City next argues that the trial court erred in awarding defendants damages and fees based on their petition for fees and expenses because Rule 60 does not provide for damages as a possible form of relief. Rule 60 states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding . . . ." N.C.R. Civ. P. 60(b). As our Supreme Court has explained, "[t]he rule empowers the court to set aside or modify a final judgment, order or proceeding whenever such action is necessary to do justice under the circumstances." *Howell v. Howell,* 321 N.C. 87, 91, 361 S.E.2d 585, 587-88 (1987).

As this Court has previously noted, a trial court has "no authority to enter" an order granting a Rule 60 motion if that order does not "set aside" the judgment or "relieve[] [the moving party] of it." *Kimzay Winston-Salem, Inc. v. Jester,* 103 N.C. App. 77, 79, 404 S.E.2d 176, 177, *disc. review denied,* 329 N.C. 497, 407 S.E.2d 534 (1991). The Eighth Circuit has similarly held with respect to Rule 60 of the Federal Rules of Civil Procedure: "Rule 60(b) is available . . . only to set aside a prior order or judgment. It cannot be used to impose additional affirmative relief." *Adduono v. World Hockey Ass'n,* 824 F.2d 617, 620 (8th Cir. 1987). *See also United States v. One Douglas A-26B Aircraft,* 662 F.2d 1372, 1377 (11th Cir. 1981) ("[C]laims for affirmative relief beyond the reopening of a judgment cannot be adjudicated on a Rule 60(b) motion but must be asserted in a new and independent suit."); *Affordable Country Homes, LLC v. Smith,* 194 P.3d 511, 514 (Colo. Ct. App. 2008) (holding that under

Rule 60, trial court could only set aside judgment and could not award other relief such as reformation or damages).

In this case, defendants could not properly seek damages and fees through a Rule 60 motion, and the trial court had no authority to grant that relief under Rule 60. As the Colorado Court of Appeals noted, "[b]y setting aside an order or judgment, the court sets the stage for further proceedings in the case in which the order or judgment was entered." *Id.* Thus, when Judge Barber granted defendants' Rule 60 motion, further proceedings could then occur in the tax foreclosure action.

Although the trial court did not specifically say so, it may have deemed the petition for fees and expenses, filed after the Rule 60 motion was granted, to be in effect a counterclaim for damages for constitutional violations. Our Supreme Court has, however, previously held that counterclaims may not be asserted in tax foreclosure actions because " 'permit[ting] a taxpayer . . . to set up an opposing claim against the State or the city might seriously embarrass the Government in its financial operations by delaying the collection of taxes to pay current expenses.' " *Bd. of Comm'rs of Moore County v. Blue*, 190 N.C. 638, 641, 130 S.E. 743, 745 (1925) (quoting *Wilmington v. Bryan*, 141 N.C. 666, 679, 54 S.E. 543, 547-48 (1906) (Walker, J., dissenting)). *See also Town of Apex v. Templeton*, 223 N.C. 645, 646, 27 S.E.2d 617, 617-18 (1943) (holding counterclaim was "properly stricken" from answer in tax foreclosure action); *Blue*, 190 N.C. at 641, 130 S.E. at 745 (" 'No counterclaim is valid against a demand for taxes.' " (quoting *Wilmington*, 141 N.C. 675, 54 S.E. at 546)).

Although these decisions of the Supreme Court are not recent, this Court in *Onslow County v. Phillips*, 123 N.C. App. 317, 324, 473 S.E.2d 643, 648 (1996), *rev'd in part on other grounds*, 346 N.C. 265, 485 S.E.2d 618 (1997), reiterated the principle set forth in *Blue* and *Templeton*: "[A] counterclaim cannot be filed in a tax foreclosure action . . . ." We further note that N.C. Gen. Stat. § 105-374 (2007), which establishes the procedures for conducting a tax foreclosure action, does not provide for counterclaims for damages by taxpayers.

When defendants discovered that the Dearborn property had been sold through a foreclosure sale, they properly filed a Rule 60 motion in the cause to have the foreclosure sale set aside. *See Henderson County v. Osteen*, 292 N.C. 692, 701, 235 S.E.2d 166, 172 (1977) (" 'The Court from which the execution issued may, for sufficient cause shown, recall or set aside an execution or a sale made

ESTES v. COMSTOCK HOMEBUILDING COS.

[195 N.C. App. 536 (2009)]

thereunder and prevent further proceedings. This is properly done by a motion in the cause and not by an independent action.' " (quoting *Abernethy Land & Fin. Co. v. First Sec. Trust Co.*, 213 N.C. 369, 372, 196 S.E. 340, 342 (1938))); *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 402, 580 S.E.2d 1, 5 (holding that a "motion in the cause" is the proper method for attacking foreclosure sales), *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). Once the foreclosure sale was set aside, defendants could have then filed an independent action seeking damages that, as they alleged in their petition, "result[ed] [from] action taken against them by the County and the City of Durham."

The trial court did not, however, have authority to award defendants damages or fees in this tax foreclosure action. We, therefore, reverse the trial court's 1 August 2007 final order. Because of our disposition of this appeal, we need not address the remaining arguments of the City and County.

Reversed.

Judges STEELMAN and STEPHENS concur.