THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mary Lou Moseley, Appellant,
 v.
 Jim Oswald, Respondent.
 
 
 

Appeal From Lexington County
 R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No.  2011-UP-067 
Submitted February 1, 2011  Filed February 16, 2011
Withdrawn, Substituted and Refiled March 25, 2011

REVERSED

 
 
 
 William E. Booth, III, of West Columbia, for Appellant.
 Robert Merrel Cook, II, Ralph S. Kennedy, Jr., both of Batesburg-Leesville, for Respondent.
 
 
 

PER CURIAM:  Mary Lou Moseley appeals the trial court's granting of Jim Oswald's motion to conform vehicle titles pursuant to Rule 60(b),
SCRCP.  We reverse.[1]
In 1998, Moseley brought suit against Oswald seeking in part the return of seven automobiles and damages for conversion.  In 2008, a jury found Oswald
did not have to return the vehicles and therefore did not reach the second cause of action for conversion.  Thus, at trial, it was not expressly determined
who owned the vehicles.   The jury verdict form stated only that Oswald did not have to return the vehicles to Moseley.  In March 2009, Oswald
moved "pursuant to Rule 60, SCRCP and/or such other law as may be applicable" for an order conforming title in the vehicles.  After a hearing,
the trial court granted the motion and issued another order, referring repeatedly to Rule 60, SCRCP, requiring the South Carolina Department of Motor Vehicles
to issue titles to the vehicles in Oswalds name. 
Oswald contends the trial court did not err by issuing the order because the trial court did not abuse its discretion in providing relief through Rule
60(b).  Moreover, Oswald argues the trial court did not err by issuing the order because the trial court has the inherent power to issue an order to give
practical effect to the jury verdict.  Oswald also argues Moseley lacks standing to bring an appeal because she has no property interest or rights which
were adversely affected by the post-trial order. 

 Rule 60(b), SCRCP, provides:
 
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the
 following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been
 discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is
 void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it
 is no longer equitable that the judgment should have prospective application.
 

Furthermore, "[w]hether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the trial court.  Therefore, our standard of
review is limited to determining whether there was an abuse of discretion. . . . [which] arises when the order was controlled by an error of law . . .
."  Se. Hous. Found. v. Smith, 380 S.C. 621, 636, 670 S.E.2d 680, 688 (Ct. App. 2008).  Rule 60(b) is not the proper procedural
vehicle to address Oswald's unique situation.  Rule 60(b) does not provide a means by which a trial court can grant a prevailing defendant a remedy he did
not seek at trial.  See e.g. Cnty. of Durham v. Daye, 673 S.E.2d 683, 688 (N.C. App. 2009) (finding a trial court has no authority to
enter an order granting a Rule 60 motion if that order does not set aside the judgment or relieve the moving party of it); Affordable Country Homes, LLC v.
Smith, 194 P.3d 511, 514 (Colo. App. 2008) (stating Rule 60(b) is available only to set aside a prior order and cannot be used to impose additional
affirmative relief).
Although Oswald prevailed at trial, there is no indication he sought any affirmative relief or determination that he was the owner of the vehicles.  The
jury determined Oswald did not have to return the vehicles to Moseley because Moseley was unable to prove to a jury she owned the vehicles. Thus, the verdict
only determined the issue of ownership as between Moseley and Oswald.  Because Rule 60(b), SCRCP, is not the proper procedural vehicle for Oswald to obtain
relief, Oswald must seek to have the vehicle titles conformed by means of a separate action.
REVERSED.
HUFF, SHORT, and PIEPER, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.