An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-402

Filed 17 September 2025

Cabarrus County, No. 24CVS000821-120

TIGRESS SYDNEY ACUTE MCDANIEL, JD, and on behalf of minor child, AM, Plaintiffs,

v.

GOODWILL INDUSTRIES, INC., GOODWILL INDUSTRIES OF THE SOUTHERN PIEDMONT, INC., CITY OF CONCORD, AND DOES DEFENDANTS, Defendants.

Appeal by plaintiff from order entered 15 August 2024 by Judge Michael D. Duncan in Cabarrus County Superior Court. Heard in the Court of Appeals 14 August 2025.

*Tigress Sydney Acute McDaniel, pro se plaintiff-appellant.*

*Constangy, Brooks, Smith & Prophete, LLP, by William J. McMahon, IV, and J. Rodrigo Pocasangre, for defendant-appellee.*

PER CURIAM.

Plaintiff Tigress Sydney Acute McDaniel appeals from an order granting Defendant-Appellee Goodwill Industries of the South Piedmont, Inc.'s ("GISP") Rule 12(b)(6) motion to dismiss.

## I.    Background

Plaintiff's claims arise from alleged interactions she had with employees of a Goodwill store in Concord on 9 December 2023 while shopping at the store. Specifically, she claims: (1) racial discrimination; (2) intentional infliction of emotional distress; (3) or, in the alternative, unintentional infliction of emotional distress; and finally, (4) breach of Concord Police Department Code of conduct.

## II.    Analysis

Plaintiff presents two issues on appeal: (1) she argues the trial court erred in granting the Rule 12(b)(6) motion without making findings of fact or conclusions of law and (2) she argues the dismissal order was granted without prejudice.

Regarding her first argument, Plaintiff misunderstands the standard trial courts apply to evaluate Rule 12(b)(6) motions. "When the complaint on its face reveals that no law supports the claim, reveals an absence of facts sufficient to make a valid claim, or discloses facts that necessarily defeat the claim, dismissal is proper." *Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 368 N.C. 440, 448 (2015) (quoting N.C. R. Civ. P. 12(b)(6)).  For the purposes of Rule 12(b)(6) motions, the factual allegations of complaints are taken as true, but "conclusions of law or unwarranted deductions of fact are not admitted." *Lupton v. Blue Cross & Blue Shield of N. Carolina*, 139 N.C. App. 421, 424 (2000).

Plaintiff does not argue the trial court violated the above standard.  She only contends that the trial court should not have granted the order without making

findings of fact or conclusions of law.  In support of her argument, she cites Rule 52 of the North Carolina Rules of Civil Procedure and Rule 52(a)(3) of the Federal Rules of Civil Procedure—the latter cite being mistakenly attributed to the North Carolina Superior Court Judges' Benchbook.  Rule 52 of the North Carolina Rules of Civil Procedure, however, does not help the Plaintiff, as it applies only to bench trials. Further, the benchbook referenced explains that findings of fact would be "inappropriate" in an order on a Rule 12(b)(6) motion.  *See* Ann M. Anderson, *Civil Orders: Findings of Fact and Conclusions of Law*, NC Superior Court Judges' Bench Book, https://benchbook.sog.unc.edu/civil/findings-fact-and-conclusions-civil-orders.

Because trial court judges must take factual allegations in complaints at face value and not make their own "unwarranted deductions," Plaintiff's argument has no merit.  The trial court correctly dismissed this complaint without making any findings of fact or conclusions of law.

The second argument made by Plaintiff concerning prejudice is also incorrect. Plaintiff argues the order dismissing her claims is without prejudice because it does not say otherwise.  Her argument relies on Rule 41(a)(2) of the North Carolina Rules of Civil Procedure.  However, Rule 41(a) only applies to voluntary dismissals. Rule 41(b), addressing involuntary dismissals, provides that

> [u]nless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication on the merits.

N.C. R. Civ. P. 41(b).  "It is well settled in this State that 'a dismissal under Rule 12(b)(6) operates as an adjudication on the merits unless the court specifies that the dismissal is without prejudice.' "  *Hill v. West*, 189 N.C. App. 194, 198 (200) (citation omitted).

Because the trial court did not specify that the dismissal in this case was without prejudice, it is an adjudication on the merits and serves as a dismissal with prejudice against Plaintiff's claims.

### III.    Conclusion

The trial court correctly made no findings of fact or conclusions and because the order did not state otherwise, the matter was with prejudice pursuant to the provisions of the Rules of Civil Procedure.  Thus, we affirm the trial court's order.

AFFIRMED

Panel consisting of Chief Judge DILLON and Judges ARROWOOD and GRIFFIN.

Report per Rule 30(e).